HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCIA WILLS,

    Plaintiff,

v.

COLUMBIA SECURITY SERVICE &
SYSTEMS, INC., a Washington corporation, et al.,

    Defendants.

No. CV11-5270-RBL

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT
[Dkt. # 39]

This matter is before the Court on Defendants' Motion for Summary Judgment [Dkt. #39]. The dispute arises from Plaintiff's allegation that, in 2008, she and Defendant Columbia's owners, Defendants Douglas and Dolly Harvey, agreed that she could buy into the Company as a 20% owner. She would receive a salary and a company car, and be the "Captain of Administration and Personnel," if she bought in to the company and relocated from Astoria to Longview. Plaintiff claims that she relocated and was ready to perform, but when she arrived at work the Defendants changed the deal, offered her a lower position ("Lieutenant of Administration") at less pay, and refused to sell her an ownership position. Instead they dissolved her position and ultimately transferred her to Tongue Point, back in Astoria, at $16.50 per hour.

Defendant denies all of these allegations, but Plaintiff discovered documents provided by the Defendants to the Social Security Administration by Douglas Harvey strongly supporting the core allegation that she was to take over in an ownership capacity for the early-retiring Douglas

ORDER - 1

Harvey. Specifically, Harvey told the SSA that he was retiring, bringing in a "retired US Coast Guard Captain" [Wills] to take over his responsibilities, and that the company would become a "woman owned operation," with Wills "partnering" with Dolly Harvey in this endeavor.

Plaintiff sued for breach of contract, discrimination, retaliation, negligent misrepresentation, promissory estoppel, breach of the covenant of good faith and fair dealing, and intentional interference with business expectancy. Defendants seek summary judgment on all claims, arguing:

1. There is no evidence of a contract;
2. There is no evidence of "assurances" supporting any of plaintiff's tort law claims; and
3. There is no evidence supporting plaintiff's discrimination or retaliation claims.

**Discussion**.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Taken in the light most favorable to the Plaintiff, the evidence in this matter supports her factual claim that there was some sort of "deal" in which Plaintiff was to at least have a path to an ownership position in Columbia Security. In that light, it appears that she took some affirmative, ultimately detrimental steps toward that goal in reliance on the promises made by the

ORDER - 2

Defendants. This is corroborated by the representations made by Harvey Douglas to the SSA in the same time frame.

While it may be unlikely that a jury would find that an enforceable contract was reached, it is not impossible. And Plaintiff's reliance-based negligent misrepresentation and promissory estoppel claims are more than plausible on this evidence. Questions of fact must be resolved in order to ascertain the viability of these claims. For this reason, the Motion for Summary judgment on these claims is DENIED.

More troubling are Plaintiff's discrimination and retaliation claims, and her remaining state tort claims. The more the evidence supports Plaintiff's claims that Defendants "breached" some deal for economic or selfish reasons, the less it supports the claim that they did so because Plaintiff is female. Indeed, according to Plaintiff (and to Harvey Douglas) the "deal" was to have a "woman owned operation."

Nevertheless, the presence of these claims in the lawsuit does not add to the evidence which will be adduced at trial. Their ultimate viability on the actual evidence will be addressed at that time, and in the jury instructions phase of the trial. Because questions of fact remain for resolution before the court can determine the viability of Plaintiff's claims, the Motion for Summary Judgment [Dkt. #39] is DENIED.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE